IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RENE LAUREANO,
    Plaintiff,

        v.

DET. KIM; THE PROVIDENCE POLICE;
and THE CITY OF PROVIDENCE,
    Defendants.

No. 25-cv-00214-JJM-AEM

## ORDER

The Court has reviewed this Complaint to determine whether it states a plausible federal claim for relief, as it is required to do when an Application for *In Forma Pauperis* status is filed. 28 U.S.C. § 1915(e)(2)(B)(ii); ECF No. 2. In this case, Rene Laureano contends that a Providence Police Office unlawfully arrested him and wrongfully "required" him to register as a Sex Offender although a previous conviction did not require him to do so. ECF No. 1.

First, the Complaint fails to assert any allegations in support of liability against the municipality (or the Providence Police Department that stands in the shoes of the City), *Monell v. N.Y.C. Dept. of Social Services,* 436 U.S. 658, 694 (1978), and for that reason alone the two municipal defendants are DISMISSED.

More generally, though, the Complaint was filed approximately seven years after the offending incident, and the statute of limitations for actions brought under 42 U.S.C. § 1983 in this jurisdiction is three years. *Bergevine v. D.C.Y.F.,* C.A.

No. 21-cv-459-WES-PAS, 2021 WL 5997649, at *2 (D.R.I. Dec. 20, 2021).  Along with
the state statute of limitations, § 1983 law adopts the state's tolling provisions and
the Rhode Island Supreme Court, by Executive Order 2020-12 of May 15, 2020,
entitled "COVID-19 Pandemic Response–Continuity of Operations," explicitly
provided: "C. Statutes of limitations: Statutes of limitations are not tolled and shall
continue to run."  https://www.courts.ri.gov/Executive%20Orders/20-12.pdf  In this
case, the statute of limitations was missed by some four years, and even were the
Court to be able to apply equitable tolling, as Mr. Laureano requests in his letter
(ECF No. 3), the general assertion of COVID-related "personal and electronic"
difficulties would not be sufficient to justify application of that doctrine.

Taking Mr. Laureano's letter as a Motion to Apply Equitable Tolling, the Court
DENIES the Motion and the case is DISMISSED.  The Application for *In Forma
Pauperis* status is DENIED as moot.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
Chief Judge
United States District Court


June 11, 2025